## J. T. S. GREENFIELD *v.* J. W. HUTTON *et al.*

CHANCERY COURT. *Jurisdiction of, to enjoin an execution issued from another district. When.* While it is true that one Chancellor cannot enjoin the decrees of another Chancellor, with a view of having them reviewed in a different Chancery Court, yet it is competent for any Chancellor to enjoin an execution from another Chancery Court, upon the ground that it has been paid or otherwise satisfied.

### FROM DICKSON.

Appeal from the Chancery Court.　HON. GEO. H. NIXON, Chancellor.

JOSIAH R. HUBBARD and W. C. WHITTHORNE for Greenfield.

No brief appears for Hutton.

NICHOLSON, C. J., delivered the opinion of the Court.

Greenfield, a citizen of Maury County, filed his bill in the Chancery Court at Charlotte, in Dickson County, alleging that J. W. Hutton had recovered a judgment in the Chancery Court at Charlotte against R. B. Napier, as principal and complainant, as one of his sureties, for about $1,100, and that an execution had issued from the Chancery Court at Charlotte, and been sent to the Sheriff of Maury County, who had levied the same on complainant's land in Maury County. He alleged further, that R. B. Napier, the

principal in the judgment, had paid as much as $720 to Hutton on the judgment, and had made provision for paying the balance, and called on Hutton to discover whether the balance had not been realized, etc. Application was made to W. S. Fleming, Chancellor, in the Chancery District including Maury County, but not including Dickson County. The injunction was granted by Chancellor Fleming, returnable to the Chancery Court at Charlotte, bond and security having been given in pursuance of the fiat. Upon the return of the process to the Chancery Court at Charlotte, a motion was made to dismiss the bill, for the reason that it seeks to enjoin a decree of the Chancery Court at Charlotte, and because the fiat for injunction was granted by a Chancellor of another District. This motion was sustained by the Chancellor, for the reason assigned in the motion, and the bill ordered to be dismissed. The cause is now here by writ of error and supersedeas. By reference to the bill, we find that there is no allegation impeaching the decree made in the Chancery Court at Charlotte, and none denying the correctness of the judgment of that Court. Nor does the complainant pray for any relief against the decree or judgment, but the allegations are confined to the fact of payment of the execution and satisfaction thereof, and of the judgment, by payment, in part, and by provision of funds for paying the balance. All of which allegations concede the correctness of the decree and judgment. While it is true that one Chancellor can not enjoin the decrees

of another Chancellor, with a view of having them reviewed or reversed in a different Chancery Court from that in which they were rendered, yet it is competent for any Chancellor to enjoin an execution from another Chancery Court, as in this case, upon the grounds that it has been paid, or othertherwise satisfied, and therefore is being illegally. enforced. The bill in this case was, therefore, erroneously dismissed.

The decree will be overruled, and the cause remanded for answer of other such defence as defendant may elect. The costs of this Court will be paid by defendant, Hutton.